UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| IN RE: LAWNMOWER ENGINE HORSEPOWER MARKETING AND SALES PRACTICES LITIGATION | Case No. 2:08-md-01999<br><br>Judge Lynn Adelman |
| THIS DOCUMENT RELATES TO:<br>All Actions | |

## ORDER PRELIMINARILY APPROVING GROUP OF SIX SETTLEMENT, CERTIFYING SETTLEMENT CLASS, APPOINTING SETTLEMENT CLASS COUNSEL, DIRECTING NOTICE AND STAYING PROCEEDINGS AGAINST THE SETTLING DEFENDANTS

Plaintiffs, by Interim Co-Lead Counsel, and Defendants (1) Sears, Roebuck and Co., Sears Holdings Corporation, and Kmart Holding Corporation, (2) Deere & Company, (3) Tecumseh Products Company, TecumsehPower Company, and Platinum Equity, LLC, (4) Briggs & Stratton Corporation, (5) The Toro Company, and (6) Electrolux Home Products, Inc., Husqvarna Outdoor Products, Inc. (now known as Husqvarna Consumer Outdoor Products, N.A., Inc.), (collectively "Group of Six Defendants"), by counsel, have submitted the Group of Six Settlement Agreement attached to Affidavit of Scott Wagner in Support of Plaintiffs' Motion for Preliminary Approval of Group of Six Settlement as Exhibit C, dated February 24, 2010 ("Group of Six Settlement"), and have applied, pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), for an order: (1) certifying a Settlement Class and appointing Settlement Class Counsel; (2) preliminarily approving the terms and conditions set forth in the Settlement as fair, reasonable and adequate; (3) approving forms, content and a program for notice to the Settlement Class; and (4) scheduling a hearing to consider final approval of the Settlement.

The Court has given due consideration to the terms of the Settlement, the Exhibits to the Settlement, the submissions of the parties in support of preliminary approval of the Settlement, and the record of proceedings herein, and now finds that the class should be certified for settlement purposes, Interim Co-Lead Counsel should be appointed Settlement Class Counsel, and the proposed Settlement should be preliminarily approved for purposes of notifying the Settlement Class of the opt-out and objection deadlines and the date of the Final Fairness Hearing.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. This Court has jurisdiction of the subject matter of this Action and jurisdiction of the Plaintiffs and Defendants in the above-captioned case (the "Parties"). For purposes of resolving the MDL litigation, the Court's approval of the Settlement and the Settlement Class and all other findings herein are made in the *Martinez v. Sears, Roebuck & Co. et al.*, Case No. 2:09-cv-0469-LA (E.D. Wis. May 7, 2009). The Court finds that resolution of the *Martinez* case, because it encompasses all classes alleged in all the other Actions, resolves all Actions in this MDL.

2. This action may be maintained as a class action under Rule 23 for settlement purposes as to the Group of Six Defendants on behalf of the following class (the "Settlement Class"):

> All persons or entities in the United States who, beginning January 1, 1994 up to and including the date when Notice of the Court's entry of an order preliminarily approving this settlement and certifying the Settlement Class is first published, purchased, for their own use and not for resale, a lawn mower containing a gas combustible engine up to 30 horsepower provided that either the lawn mower or the engine of the lawn mower was manufactured or sold by a Defendant.

3. The Court finds for purposes of settlement that the prerequisites to class certification under Rule 23(a) are satisfied, including:

2

Case 2:08-md-01999-LA   Filed 02/26/10   Page 2 of 8   Document 186-1
Case 2:08-md-01999-LA   Filed 02/26/10   Page 2 of 8   Document 189

a. The proposed Settlement Class numbers in the millions and is so numerous that joinder of all members is impracticable;

b. There are questions of law and fact common to Plaintiffs and members of the Settlement Class, including whether Defendants misrepresented the horsepower produced by the engines in the lawn mowers manufactured or sold by Defendants to Plaintiffs and members of the Settlement Class;

c. The claims of the Plaintiffs are based on the same legal theory and are typical of the claims of the members of the Settlement Class; and

d. The Plaintiffs are represented by counsel experienced in complex litigation, have no interests in conflict with the interests of members of the proposed Settlement Class, have displayed their commitment to representing the interests of members of the Settlement Class during the course of litigation to date, and will fairly and adequately protect the interests of the Settlement Class.

4. The Court finds for purposes of settlement that the prerequisites to class certification under Rule 23(b)(3) are satisfied because questions of law and fact common to all members of the Settlement Class predominate over questions affecting only individual members of that Class, and certification of the Settlement Class is superior to other available methods for fair and efficient resolution of this controversy.

5. The Court appoints Plaintiffs Brian Kruchoski, Harry M. Lynch, Tina C. Willis, Abdallah Bishara, William A. Barta, Kimberly J. Hesse, Scott Friedson, Carl Phillips, John Cardova, Joyce Blaine, Loretta Donahoe, Jeffrey G. Bullis, Alan Dillsaver, John Nemmers, Peter Uhrynowski, Kimberly Schneider, Humberto Gonzalez, Margery Dolan-Keenan, Robert J. Folger, Jason R. Borras, Lori K. Jordan, Jason Catton, Brian Krehmeyer, James Wilson, Joe

3

Case 2:08-md-01999-LA   Filed 02/26/10   Page 3 of 8   Document 186-1
Case 2:08-md-01999-LA   Filed 02/26/10   Page 3 of 8   Document 189

Azzara, Mark Beebe, R. Scott Edel, John Hammer, Gary Von Den Top, Tracy Murphy, Michael Parker, Ronnie Phillips, Marc Parrone, James Schneider, Jerry L. Dahnke, Kenneth M. McClain, Bryan S. Redding, Daniel E. Doherty, Patrick E. Doherty, Victoria Shaffer, Benjamin M. Keizer, Thomas Raitzer, Carl Rachal, Heidi R.S. Dallal, Kenneth Purce, Timothy J. Wilson, John Jones, Susan Paules, Sol Bear, Sam Hermann, Tom Martinson, Jay Moore, Shaun O'Laughlin, Bradley White, David Winters, Kris Thomas, William Bryant Davis, Gregory W. Dale, Carol Kustes, Robert Troutwine, Roger Weiss, Kenneth J. Doppler, Dave Kastet, Matthew J. Baskerville, Matthew Doppler, Daniel J. Gordon, Micheal L. Neva, Eric L. Hunter, Harold R. Jones, Thomas T. Rohrick, Gina H. Kunesh, William Fritz, Mike Martinez, Duane Christy, Thomas P. Purdy, Kevin Bowen, John S. Weyand, Mark English, Richard L. Immerman, Mark Spicknall, Robert P. Sweeney, Michael Kattan, Zenola Sherman, Keith W. Whitehouse, David M. Williams, David Tshudy, Jeffrey Wong, Matthew J. Morris, Anthony Baldo, Scott C. Shafer, Ken Zeigler, Mark J. Williams, Craig Horrocks, Christopher Lee, Chris Heerwagen, Mike Kaitfors, Doug Eidahl, Levert Deanes, Phillip A. Hoeker, Don Cornett, Hubert Hart, Adam E. Paulson, Steven Grosz, Richard B. Fowler, Drew L. Harris, Andrew F. Flores, Jr., Christine F. Armstrong, Nicolee Torrey, Michael W. Michel, Ann Tracey, Stanley R. Walster, Susan Barnard, Troy Blodgett, Bryan Perry, John F. Lilly, Marcus Martin and Richard Somes as Settlement Class Representatives. The Court further appoints Interim Co-Lead Counsel, Heins Mills & Olson, P.L.C. and Morrison, Fenske & Sund P.A., as Settlement Class Counsel.

6. The Court finds that the terms of the Settlement in accordance with and as set forth in the Settlement Agreement are well within the range of a fair, reasonable and adequate settlement between the Settlement Class and the Group of Six Defendants under the circumstances of this case.

4

Case 2:08-md-01999-LA   Filed 02/26/10   Page 4 of 8   Document 186-1
Case 2:08-md-01999-LA   Filed 02/26/10   Page 4 of 8   Document 189

7.	The Court therefore preliminarily approves the Group of Six Settlement and directs the parties to the Group of Six Settlement to perform and satisfy the terms and conditions of the Settlement Agreement that are triggered by such preliminary approval.

8.	Rust Consulting is hereby approved as the claims administrator for the Settlement.

9.	Kinsella Media is hereby approved as the notice administrator for the Settlement

10.	The Court reserves ruling on a Notice Plan and the costs of Notice.

11.	The Postcard Notice as set forth in the Notice Plan to be approved by the Court shall be (a) mailed, postage prepaid, before publication notice, to each of the Settlement Class Members who have been identified through reasonable efforts; and (b) provided to all Settlement Class Members who request it or the long-form Notice, in response to the published Summary Notice, or otherwise.

12.	Settlement Class Members who wish to receive a cash payment or warranty benefits, if applicable, must return a properly completed Proof of Claim Form as provided in a Notice Plan to be approved by the Court to the Claims Administrator on-line via the website or by first-class mail, postmarked no later than the date specified therein. Any Settlement Class Member who fails to properly and timely complete and submit the Proof of Claim Form as set forth in the Settlement Agreement will not be entitled to receive a cash payment or warranty benefits, if applicable.

13.	Pursuant to 28 U.S.C. § 1715(d), the Group of Six Defendants shall notify the Court upon expiration of 90 days after the later of the dates on which the appropriate federal official and the appropriate state official are served with the notice required under 28 U.S.C. § 1715(b).

5

Case 2:08-md-01999-LA   Filed 02/26/10   Page 5 of 8   Document 186-1
Case 2:08-md-01999-LA   Filed 02/26/10   Page 5 of 8   Document 189

14. Settlement Class Counsel is authorized and directed to make reasonable disbursements from the Settlement Fund, in accordance with the Group of Six Settlement Agreement, for the purpose of paying (1) taxes, estimated taxes, and tax-related expenses; (2) escrow and other bank fees; and (3) any other settlement administration expenses necessarily incurred before the Court determines whether to grant final approval of the Settlement.

15. Any member of the Settlement Class who wishes to object to the terms of the Group of Six Settlement, the plan of distribution, the attorneys' fees and expenses, or the request for incentive awards must do so in writing, postmarked and sent via mail by no later than the date specified in the Notice Plan to be approved by the Court, and shall otherwise comply with the requirements for objecting set forth in that Notice Plan.

16. Any member of the Settlement Class who does not timely object to the Settlement, the plan of distribution, the attorneys' fees and expenses, or the request for incentive awards shall be bound to the terms of the Settlement Agreement, shall be deemed to have waived any objection it might have to the Settlement, the plan of distribution, the attorneys' fees and expenses, or the request for incentive awards and shall forever be foreclosed from challenging the fairness, adequacy or reasonableness of the Settlement or the plan of distribution.

17. Any member of the Settlement Class who does not submit, by first-class mail, postmarked no later than the date specified in the Notice to be approved by the Court, a written request to be excluded from the Settlement Class in accordance with the requirements prescribed in that Notice shall be bound by the terms of the Group of Six Settlement Agreement and by all orders and judgments of the Court affecting the Settlement Class Members.

18. Any request for intervention in this action for purposes of commenting on or objecting to the Group of Six Settlement must meet the requirements set forth above, including

6

Case 2:08-md-01999-LA   Filed 02/26/10   Page 6 of 8   Document 186-1
Case 2:08-md-01999-LA   Filed 02/26/10   Page 6 of 8   Document 189

the deadline for filing objections, must be accompanied by any evidence, briefs, motions or other materials the proposed intervenor intends to offer in support of the request for intervention, and must meet the requirements of the Federal Rules of Civil Procedure.

19. Not more than ten (10) days after the opt-out deadline, Settlement Class Counsel shall file a Notice of Settlement Class Exclusions, listing the names of all persons or entities who timely and validly excluded themselves from the Settlement Class.

20. No less than five (5) days prior to the Final Fairness Hearing, Settlement Class Counsel shall file a motion for approval of the attorneys' fees and reasonable litigation expenses to be paid from the Settlement Fund under the terms of the Settlement Agreement along with any supporting materials. Any decision by Settlement Class Counsel to defer seeking an award of attorneys' fees or reimbursement of litigation expenses prior to or at the time of the Final Fairness Hearing on the Settlement shall not be deemed a waiver of the right of Settlement Class Counsel, under the Settlement or otherwise, to seek an award of attorneys' fees or reimbursement of litigation expenses from the Settlement Fund at another time.

21. All proceedings in this action and any other action against the Group of Six Defendants that are pending in this Court containing the same or similar allegations to those alleged in this action, and brought on behalf of any member of the Settlement Class certified by this order, are hereby stayed as to the Group of Six Defendants, except as otherwise required to effectuate the terms of the Settlement Agreement, until such time as the Court renders a final decision regarding the approval of the Group of Six Settlement and, if it approves the Group of Six Settlement, enters a Final Order and Judgment as provided in the Settlement Agreement.

22. The Court will set a date for the hearing to determine the fairness, reasonableness and adequacy of the Group of Six Settlement and plan of distribution, to determine whether the

7

Case 2:08-md-01999-LA   Filed 02/26/10   Page 7 of 8   Document 186-1
Case 2:08-md-01999-LA   Filed 02/26/10   Page 7 of 8   Document 189

Group of Six Settlement should be approved by the Court and final judgment entered thereon, and to hear any objections to attorneys' fees and expenses or to incentive awards. Any Settlement Class member who follows the procedure set forth in the Notice to be approved by the Court may appear and be heard at this hearing. The Court may adjourn, continue, and reconvene the Final Fairness Hearing without further notice to the Settlement Class, and the Court may consider and grant final approval of the Group of Six Settlement, with or without minor modification and without further notice to the Settlement Class.

23. The Court shall retain continuing jurisdiction over all matters related to the Settlement and its administration.

BY THE COURT:

Dated: 2/26/10, 2010

HON. LYNN S. ADELMAN
UNITED STATES DISTRICT JUDGE